IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MELISSA SCOTT, et al.,

        Plaintiffs,

v.                              CIVIL ACTION NO. 2:10-cv-00749

HAROLD BAILES, et al.,

        Defendants.

**MEMORANDUM OPINION & ORDER**

Pending before the court are (1) the proposed Order Dismissing Claims of Plaintiffs Sherry F. Brown, Davonna Lynn Dillard, and Autumn Brooke Scalise [Docket 21] and (2) the proposed Order Dismissing Claims of Melissa Scott, as Personal Representative of the Estate of Willard Brown, Deceased [Docket 22], both filed on January 11, 2011. Also pending before the court is the Verified Petition of the Plaintiff, Autumn Brooke Scalise, Parent and Guardian of B.T.S. (a minor child) and K.G.S. (a minor child) for Settlement of the Claims of B.T.S. and K.G.S. [Docket 16]. The Verified Petition was filed several weeks earlier, on December 7, 2010, and will be addressed at the previously-scheduled hearing on **January 18, 2011 at 2:30 p.m.** The remaining matters will be handled as follows.

First, the Proposed Order Dismissing Claims of Plaintiffs Sherry F. Brown, Davonna Lynn Dillard, and Autumn Brooke Scalise states that "a settlement in the above-styled action ha[s] been reached in good faith between the parties and the parties have requested that this case be dismissed without prejudice until such time as a final determination is made by the United States Court of

Appeals for the Fourth Circuit in *James Bailes v. Erie Insurance* Company [sic], Appeal 10-1216, and if the appeal is successful, such time as the underlying action is concluded. Upon satisfaction of the aforementioned conditions, the dismissal shall be with prejudice." [Proposed Ord. Dismissing Claims Plfs. Brown, Dillard & Scalise at 1.] The parties essentially request that the court retain jurisdiction over the settlement of this action, pending the potential future resolution of a related insurance dispute. The court declines to do so. Because the court has been advised by counsel of the pending settlement of the claims of plaintiffs Brown, Dillard and Scalise against the defendants, those claims are hereby **DISMISSED**. The parties may submit an agreed order of dismissal within thirty days of the entry of this Order. Otherwise, dismissal will be without prejudice. The court will reinstate these claims if one of the parties shows good cause for such reinstatement within thirty days of the entry of this Order.

Second, the proposed Order Dismissing Claims of Melissa Scott, as Personal Representative of the Estate of Willard Brown, Deceased, also requests that the court dismiss the case without prejudice until a final determination is made in *James Bailes v. Erie Insurance Company*, which the court declines to do. Further, the proposed Order does not comply in full with the requirements of W. Va. Code § 55-7-7, which calls for court approval of a compromise of a claim for death by wrongful act. It is hereby **ORDERED** as follows:

    1.    That counsel for plaintiff Melissa Scott, as Personal Representative of the Estate of Willard Brown, Deceased, be, and they hereby are, directed to file a petition for court approval of the settlement and include therein, *inter alia*, the settlement amount and the proposed distribution to all potential beneficiaries;

2. That counsel for plaintiffs file with the court and serve upon those potential beneficiaries a brief notice outlining the claims in this action, the nature of the proposed settlement, and the potential beneficiaries' available options, along with a copy of the petition for court approval, a copy of this memorandum opinion and order, a copy of the proposed final order approving settlement (which reflects the settlement amount and the proposed distribution) and, a suitable affidavit of consent to the petition and proposed distribution (should the beneficiary wish to execute and return it without the necessity of further appearance), no later than **January 19, 2011**;

3. That counsel be, and they hereby are, directed to submit to the court all necessary documents related to the summary proceeding, including the proposed final order approving settlement, no later than **February 3, 2011**; and

4. That a summary proceeding to consider approval of the proposed settlement and distribution of the proceeds be, and it hereby is, scheduled for **February 10, 2011 at 10:00 a.m.**

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 14, 2010

Joseph R. Goodwin, Chief Judge

-3-